Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/08/2018 09:10 AM CDT

In re Interest of Nicholas K., a child
under 18 years of age.
State of Nebraska, appellee,
v. Nicholas K., appellant.

___ N.W.2d ___

Filed March 16, 2018.    No. S-17-531.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Minors: Proof.** The exhaustion requirement of Neb. Rev. Stat. § 43-251.01(7)(a) (Reissue 2016) demands evidence establishing that no other community-based resources have a reasonable possibility for success or that all options for community-based services have been thoroughly considered and none are feasible.

Appeal from the Separate Juvenile Court of Douglas County: Elizabeth Crnkovich, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Lauren J. Micek for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Nicholas K. appeals from a disposition by the separate juvenile court of Douglas County which ordered him placed in a residential group home. The appeal presents the question

of whether the out-of-home placement order complied with Neb. Rev. Stat. § 43-251.01(7) (Reissue 2016), which requires that a juvenile not be placed out of his or her home as a dispositional order unless "(a) [a]ll available community-based resources" have been exhausted and "(b) [there is] a significant risk of harm to the juvenile or community" by "[m]aintaining the juvenile in the home." We conclude the out-of-home placement complied with both requirements. Therefore, we affirm.

## STATEMENT OF FACTS

Nicholas was adjudicated pursuant to Neb. Rev. Stat. § 43-247(3)(B)(ii) (Reissue 2016) based on his admission to deportment, a status offense. The petition had alleged that (1) Nicholas was observed abusing alcohol or a controlled substance and (2) Nicholas had admitted to abusing alcohol or a controlled substance. This was Nicholas' first adjudicated law violation.

At his arraignment on March 13, 2017, Nicholas stated he was currently attending individual therapy and had previously participated in, but did not complete, intensive outpatient substance abuse treatment at Journeys in August 2016. The court ordered an updated chemical dependency evaluation.

At the disposition hearing commenced on April 24, 2017, the court considered evidence, including a predisposition investigation authored by Nicholas' probation officer, two letters from Nicholas' substance abuse therapist, and a chemical dependency evaluation.

The probation officer recommended that Nicholas be placed on probation for a period of 6 months and that he participate in level-one dual diagnosis outpatient treatment, attend school without unexcused absences, participate in intensive family support services as arranged by probation, and obtain part-time employment. The State agreed with the recommendations of the probation officer at this time. Counsel for Nicholas agreed with the recommendations, but requested that Nicholas

finish the school year, continue any outpatient treatment with his current therapist, and be ordered to attend meetings of Narcotics Anonymous or Alcoholics Anonymous if group therapy is not available from his current therapist.

The court disagreed with the probation recommendation and the request by Nicholas and, based on all the evidence including questioning of Nicholas' parents about his homelife, observed that the sessions with Nicholas' therapist were not working. The court stated to Nicholas, "[I]t is clear from this letter [from Nicholas' substance abuse therapist] that you do not take your drug use seriously, and you certainly do not take your treatment seriously." The court determined that continued therapy would not work because, in the previous year, Nicholas had dropped out of intensive outpatient substance abuse treatment at Journeys and was continuing to use controlled substances.

Following the receipt of evidence, the court stated that "residential treatment at Boys Town would be great" for Nicholas and ordered that application be made to the Boys Town group home. The court made clear that a 30-day order would not produce the long-term changes needed. The court asked a youth care worker from Boys Town who was present at the hearing whether there was space at Boys Town group home and confirmed that there was one bed open. Having directed that application for Boys Town be made, the court stated that it would check on the group home application in a week or so.

At the continued disposition on May 9, 2017, the court inquired about the status of the application to Boys Town group home. Nicholas' probation officer stated that Nicholas was accepted into the family home program, but recommended that Nicholas receive family support and continue outpatient treatment. However, the State indicated that it had reviewed the chemical dependency evaluation and asked the court to order Nicholas to Boys Town group home. The State asserted that Nicholas' several months at the Journeys program while

continuing to use controlled substances demonstrated that he had exhausted community-based services. Nicholas objected to an out-of-home placement. The court reiterated its concerns about his unsuccessful treatment, lack of motivation in therapy, and failure to question his drug use.

In its May 9, 2017, written disposition order, the court ordered Nicholas placed at Boys Town group home. The court made specific written findings that reasonable efforts were made to prevent removal from the home, including a risk assessment, shelter placement, evaluation, predisposition investigation, probation terms and conditions, and probation supervision, but that the efforts failed to eliminate the need for removal from the home. The order stated that it would be contrary to the health, safety, and welfare of Nicholas to reside at the family home. The order stated that it would be in the best interests of Nicholas to be placed temporarily outside of the parental home and ordered that Nicholas be placed at Boys Town group home until further order of the court.

Nicholas appeals his out-of-home placement at Boys Town group home. On October 12, 2017, the State waived filing a brief and participating in oral arguments on this case.

## ASSIGNMENTS OF ERROR

Nicholas claims, consolidated and restated, that the juvenile court erred when it committed Nicholas to a group home when less restrictive placement alternatives existed, determined that available community-based resources had been exhausted, and determined that residing in the parental home presented a significant risk to him or to the community.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Lilly S. & Vincent S.*, 298 Neb. 306, 903 N.W.2d 651 (2017).

## ANALYSIS

Nicholas claims that the juvenile court erred when it placed him in a residential group home. He argues that the relevant statutory requirements were not met, because there was insufficient evidence all community-based resources had been exhausted, and that the evidence failed to show residing in his family home presented a significant risk of harm to him or the community. After a review of the statute and the record, we reject Nicholas' assignments of error.

According to the juvenile court and Nicholas, the controlling statute applicable to this case is § 43-251.01(7), which provides as follows:

> A juvenile alleged to be a juvenile as described in subdivision (1), (2), (3)(b), or (4) of section 43-247 shall not be placed out of his or her home as a dispositional order of the court unless:
>
> (a) All available community-based resources have been exhausted to assist the juvenile and his or her family; and
>
> (b) Maintaining the juvenile in the home presents a significant risk of harm to the juvenile or community.

As an initial matter, we note that application of § 43-251.01 requires a dispositional order. We have reviewed the record of the April 24 and May 9, 2017, hearings and the orders associated with each hearing. Although conducted over 2 separate days, we conclude that the juvenile court's ruling which resulted from these hearings and ordered that Nicholas be placed out of home at Boys Town group home is a disposition order for purposes of § 43-251.01. Accordingly, we apply this statute to the facts of this case.

[2] We have recently interpreted the exhaustion requirement of § 43-251.01(7)(a) in *In re Interest of Dana H., ante* p. 197, ___ N.W.2d ___ (2018). We concluded that the exhaustion requirement of § 43-251.01(7)(a) demands evidence establishing that no other community-based resources have a reasonable possibility for success or that all options for community-based services have been thoroughly considered and none are

feasible. In reaching our interpretation of § 43-251.01(7)(a), we adopted the reasoning with respect to a similar statute interpreted in *In re Interest of Nedhal A.*, 289 Neb. 711, 856 N.W.2d 565 (2014), wherein we stated that the comparable exhaustion requirement did not imply that a juvenile court must ensure that every conceivable community-based resource has been tried and failed. *In re Interest of Dana H., supra*. With the foregoing understanding in mind, we have reviewed the evidence, and we determine that contrary to Nicholas' contention, the evidence satisfied the exhaustion requirement of § 43-251.01(7)(a).

The evidence regarding community-based options is described in the "Statement of Facts" section of this opinion and will not be repeated here. In sum, the exhaustion evidence showed, inter alia, that Nicholas had not improved with intensive outpatient substance abuse treatment including services provided by the Journeys program and that he continued to use controlled substances notwithstanding therapy.

With respect to the risk analysis required under § 43-251.01(7)(b), there is evidence, including evaluations, which indicates that Nicholas' sale of drugs to others has negatively impacted his daily functioning, including school performance—all to his detriment. See *In re Interest of Dana H., supra*. In particular, Nicholas' sale of drugs to others showed a risk to the community.

Before ordering out-of-home placement, the juvenile court made the correct statutory findings. The juvenile court's findings were supported by the evidence. Upon our de novo review, we find no merit to Nicholas' assertions to the contrary.

## CONCLUSION

For the reasons set forth above, the orders of the juvenile court are affirmed.

Affirmed.

Wright and Kelch, JJ., not participating.